**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Ronald A. NEWCOMER, Respondent.**

**No. 97–SC–900–KB.**

Supreme Court of Kentucky.

Jan. 22, 1998.

Reconsideration Denied March 19, 1998.

## OPINION AND ORDER

Respondent, Ronald A. Newcomer, of Lexington, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky in 1971.

On March 19, 1997, the Inquiry Tribunal charged Respondent with four counts of unethical and unprofessional misconduct. Counts I and II arose out of Respondent's representation of the appellants in *Dean R. Jacobson, et al. v. Farm Bureau Credit Services of Mid–America,* 96–CA–0014–MR, in the Kentucky Court of Appeals. On May 21, 1996, the Court of Appeals issued an order requiring Respondent to show cause why sanctions should not be imposed for his failure to timely file a prehearing statement. Respondent was given the option to appear and show cause or to pay a $100 fine within 15 days after the order. Respondent failed to do either. Two subsequent orders were issued, the third requiring Respondent to show cause why he should not be held in contempt. Again, Respondent failed to respond. Respondent further failed to file an appellate brief, resulting in the dismissal of the appeal on motion of the appellee.

As a result, Respondent was charged in Count I with a violation of SCR 3.130–3.4(c), which provides that "a lawyer shall not knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists." Count II charged Respondent with violations of SCR 3.130–1.1, which provides that "a lawyer shall provide competent representation to a client," and SCR 3.130–1.3, which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client."

Count III involves Respondent's representation of the appellants in *Rick and Brenda F. Satterwhite v. Mary Jane Whitt and James Bryan,* 96–CI–0215–MR, another action pending in the Court of Appeals. On August 7, 1996, the appellees filed a motion to dismiss the appeal for failure of the appellant to file a brief. Respondent failed to respond to the motion or file a brief, which resulted in the dismissal of the appeal. Consequently, Respondent was again charged in Count III with violations of SCR 3.130–1.1 and SCR 3.130–1.3.

On March 19, 1997, the Inquiry Tribunal filed a complaint against Respondent alleging that he had engaged in professional misconduct with respect to the above charges. On March 20, 1997, Respondent wrote a letter to the Executive Director of the Kentucky Bar Association acknowledging receipt of the complaint and stating that he would file a response within 15 days. No response was filed and Respondent was informed that his default could subject him to additional charges. Accordingly, Respondent was charged in Count IV with a violation of SCR 3.130–8.1(b), which provides that "a lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority."

Respondent never responded to the charges and the matter proceeded to the Board of Governors by default. By a vote of 13–0, the Board found Respondent guilty of Counts I, II, and III. By a vote of 11–3, the Board found Respondent guilty of Count IV. The Board thereafter voted to recommend suspension from the practice of law for a period of one year.

Respondent has not defended or participated whatsoever at any stage of the disciplinary process. Accordingly, pursuant to SCR 3.370(9), this Court adopts the decision and recommendation of the Board of Governors as to all matters pertaining to Respondent.

THEREFORE IT IS HEREBY ORDERED as follows:

That Respondent, Ronald A. Newcomer, be and is hereby suspended from the practice of law in the Commonwealth of Kentucky for

a period of one (1) year, and until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

Respondent is directed to pay the costs of this action in the amount of $46.98.

Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of his inability to represent them and to furnish copies of said letters to the director of the Kentucky Bar Association.

All concur.

ENTERED: January 22, 1998.

/s/ Robert F. Stephens
Chief Justice