**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Ronald A. NEWCOMER, Respondent.**

**No. 98–SC–606–KB.**

Supreme Court of Kentucky.

Oct. 15, 1998.

Bruce K. Davis, Jane Hampton Herrick, Kentucky Bar Association, Frankfort, KY, for Complainant.

Ronald A. Newcomer, Lexington, KY, Respondent pro se.

**OPINION AND ORDER**

LAMBERT, Chief Justice.

Ronald A. Newcomer was charged with two separate client complaints, each containing multiple counts. Newcomer, originally from Lexington, Kentucky did not participate in any stage of the disciplinary process except for a perfunctory request for an extension of time. Newcomer has been the subject of another suspension order rendered by this Court in January 1998. This order is in addition to that one.

In *Charge No. 6515*, the complainant, a prospective client, met with Newcomer in his office on May 7, 1997 to discuss issues regarding a contested custody matter. During this conference, the complainant revealed information to Newcomer that she reasonably believed he would hold in confidence. The complainant, however, was unable to retain Newcomer's services because of financial and other personal reasons. On June 25, 1997, the complainant appeared in court without counsel regarding an emergency protective order. At the hearing, Newcomer represented the complainant's ex-husband. During this hearing, the complainant alleges that Newcomer used confidential information provided by her in the May 7, 1997 conference.

Newcomer was charged in Count I with violating SCR 3.130–1.6(a) which provides in relevant part that a "lawyer shall not reveal information relating to the representation of a client unless the client consents after consultation."

In Count II, Newcomer was charged with violating SCR 3.130–1.9, which provides that a "lawyer who has formally represented a client in a matter shall not thereafter (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or (b) use information relating to the representation to the disadvantage of the former client, except as Rule 1.6 would permit with respect to a client or when information has become generally known." The Inquiry Tribunal alleges that the complainant did not give Newcomer permission to reveal information from their private consultation, nor did she consent to the representation of her ex-husband.

Count III stems from a violation of SCR 3.130–8.1(b) which provides that a lawyer shall not "knowingly fail to respond to a lawful demand for information from an ad-

missions or disciplinary authority." After being served with the complaint, Newcomer asked for an enlargement of time to answer and initially denied the charge. However, he never filed a written and detailed response to these charges and is now in default.

The Board of Governors of the Kentucky Bar Association unanimously found him guilty of Count I and II and by a vote of 12–3, also found Newcomer guilty of Count III. The Board recommended that Newcomer be suspended an additional two years.

In *Charge No. 6554,* Newcomer represented a client who was both a plaintiff and counter-defendant in a lawsuit styled *Aavos Biotechnical Laboratories v. Thompson,* Civil Action # 95–CI–245. The case was tried to a jury on March 3 and 4, 1997. The trial court granted the defendant's motion for a directed verdict on the complaint filed by Newcomer's client for wrongful interference with contractual relations. The jury then awarded a verdict against Newcomer's client for $492,500.00 regarding a counterclaim for malicious prosecution. A judgment was entered on March 18, 1997.

Two weeks before the trial, on February 21, 1997, Newcomer prepared a "Trustee Deed" in which the client's home was transferred in joint survivorship with the client's wife. Previously, the client held sole title to the property. The deed was recorded on March 14, 1997, a date after the verdict, but before the judgment was entered.

Newcomer was charged in Count I with violating SCR 3.130–8.3(c) which provides in relevant part that it is "professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit and misrepresentation." Similar to Charge No. 6515, Newcomer requested an enlargement of time and initially denied the charge but he has not provided a more detailed response and is now in default. Therefore, because of his default we do not need to address the merits of the conduct involved in this charge.

In Count II, Newcomer was charged with violating SCR 3.130–8.3(c) for his involvement in his client's attempts to dissolve his corporation after the adverse judgment. The client transferred a significant amount of assets from his corporation to two new corporations in which the client's wife was the incorporator and sole shareholder. Newcomer was listed as the preparer of both Articles of Incorporation. The Articles were executed on March 12, 1997 and recorded on March 14, 1997. The offices of the corporations were located at Newcomer's bar roster address and he was designated as registered agent for service of process. Newcomer is also in default of this charge.

In Count III, Newcomer was charged with violating SCR 3.130–8.1(b) for failing to respond to this complaint properly.

The Board of Governors of the Kentucky Bar Association unanimously found Newcomer guilty of Count I and II and by a vote of 12–3, also found him guilty of Count III. The Board recommended that Newcomer be suspended for one year and further recommended that this one-year suspension run concurrent with the two-year suspension in Charge No. 6515.

Therefore, it is ordered that Newcomer is hereby suspended from the practice of law for an additional period of two years from the date his prior suspension in January 22, 1998, is completed.

It is further ordered that in regard to each of the charges:

1) Newcomer shall not be permitted to engage in the practice of law in Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his license and membership in the Kentucky Bar Association.

2) Any application for reinstatement shall be governed by SCR 3.510 or any subsequent amendment thereto regarding reinstatement.

3) In accordance with SCR 3.450 and SCR 3.480(3), Newcomer is directed to pay all costs associated with the disciplinary proceedings against him, said sum being $101.20, and for which execution may issue from this Court upon finality of this opinion and order.

4) Pursuant to SCR 3.390, Newcomer is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has

**22**

matters pending of his suspension and to provide the director of the Kentucky Bar Association with a copy of all letters simultaneously to their mailing.

This order is in addition to the previous order of suspension for different violations of the disciplinary rules found in *Kentucky Bar Association v. Newcomer*, Ky., 960 S.W.2d 464 (1998). Any application for reinstatement may not be filed until the completion of the period of suspension directed by this Opinion and Order.

All concur.

ENTERED: October 15, 1998.

/s/ Joseph E. Lambert
Chief Justice